IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID BRANDON BALL,

    Movant,

v.                               Case No. 2:16-cv-05558
                                  Criminal Case No. 2:15-cr-00071-01

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant David Brandon Ball's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody. (ECF No. 25). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After thorough consideration of the record, the undersigned conclusively **FINDS** that Movant is not entitled to the relief requested. For the reasons that follow, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Movant's motion, **DISMISS** this civil action, with prejudice, and remove it from the docket of the Court.

## I.    Factual and Procedural Background

On November 25, 2014, Movant was indicted in the United States District Court for the Southern District of West Virginia on the charge of conspiracy to commit mail

1

fraud in violation of 18 U.S.C. § 1349. (ECF No. 29-1). On April 13, 2015, Movant pled guilty to a single-count Information charging him with conspiracy to commit mail fraud. (ECF Nos. 29-2, 29-3, 29-8). Movant was sentenced on July 8, 2015 to a term of 37 months imprisonment followed by three years of supervised release. (ECF No. 29-7). Movant's sentence of imprisonment was determined, in part, by calculating his total offense level under the United States Sentencing Guidelines ("USSG") effective November 1, 2014. (ECF No. 29-9 at 39-40). Under the relevant guidelines, Movant received a total offense level of 21, which corresponded to a sentence range of 37-46 months in prison. Movant's total offense level was calculated by beginning with a base offense level of six; that level was then increased or decreased based on various factors. (*Id.*). One factor was the pecuniary harm associated with Movant's offense. USSG § 2B1.1(b), which addressed specific offense characteristics, included a loss table. The loss table outlined specific levels by which Movant's base offense level should be increased to account for the amount of monetary loss suffered by Movant's victims. In Movant's case, the loss was greater than $200,000, but less than $400,000; accordingly, the loss table dictated that 12 levels be added to Movant's base offense level.

On November 1, 2015, new guidelines became effective, which changed the loss table. Under the new guidelines, the monetary loss associated with Movant's crime fell at the level between $150,000 and $250,000. *See* USSG § 2B1.1(b) (2015). This range of loss dictated a 10-level increase of the base offense level—two less than the increase given to Movant in April 2015. Had Movant received a 10-level increase, rather than a 12-level increase, his total offense level would have been 19, which corresponded to a sentence range of 30-37 months.

Movant did not appeal his conviction or sentence; however, on June 20, 2016,

2

Movant filed the instant Motion under § 2255.[1] (ECF No. 25). In the motion, Movant alleged that he was denied effective assistance of counsel at the sentencing phase of his criminal action, because his attorney "knew that the United States Sentencing Guidelines were due to change and did not let [him] know." (*Id.* at 4). According to Movant, he was sentenced to 37 months, but if he had been provided with "proper representation, [he] would have received a sentence of 30 months due to the guideline change after November 1, 2015." (*Id.*). For relief, Movant asked the Court to resentence him under the November 1, 2015 sentencing guidelines; thereby, reducing his offense level by two points and shaving seven months off of his sentence. In August 2016, the United States filed a memorandum in opposition to the motion, and Movant was given an opportunity to file a reply brief. (ECF Nos. 29, 32). Movant did not submit a reply; however, on March 3, 2017, he was released from the custody of the Bureau of Prisons, having discharged his sentence. *See* www.bop.gov/inmateloc/.

## II. Discussion

The Government correctly argues in response to Movant's § 2255 motion that Movant fails to state a valid basis for resentencing. Indeed, as required by the USSG, the District Court applied the advisory guidelines in effect at the time of Movant's sentencing. *See* USSG § 1B1.11(a); *also Peugh v. United States,* 569 U.S. 530, 530-31 (2013) (holding that the guidelines in effect at the time of sentencing are applied unless they result in a harsher punishment than the guidelines in effect at the time the offense was committed). Because the loss table in effect at the time Movant committed his offense was the same as

---

[1] The undersigned notes that Movant did not file a motion under 18 U.S.C. § 3582, asking the Court to reduce his sentence based on the revised loss table. However, such a motion would not have been successful given that Amendment 791 to the USSG, which changed the loss table, was not effective until November 1, 2015 and was not made retroactive on collateral review. *See, e.g., United States v. Barrie,* No. PWG-14-6, 2017 WL 6048223, at *1-2 (Dec. 5, 2017).

the loss table used at sentencing, *see* § 2B1.1(b) (2012), the District Court's application of the 2014 guidelines did not constitute an *ex post facto* violation; consequently, Movant's counsel had no basis on which to object to the Court's use of the 2014 guidelines. The law is well settled that counsel cannot be found constitutionally ineffective for failing to anticipate a change in the law, or for failing to assert a non-meritorious argument. *See United States v. McNamara,* 74 F.3d 514, 516-17 (4th Cir. 1996). As such, the undersigned **FINDS** that Movant's counsel was not ineffective in the sentencing phase of the criminal proceedings.

Moreover, the undersigned **FINDS** that Movant's motion should be denied on the ground of mootness. Courts agree that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a federal prisoner files a habeas corpus petition seeking relief from a sentence, his release from custody may

render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the *conviction* results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)). As there is no reasonable expectation that Movant will be convicted of the same crime and sentenced in the same manner, the only arguable exception in this case is the "collateral consequences" exception. However, as explained below, that exception is not available to Movant.

Movant does not challenge his conviction or his term of supervised release; instead, he argues that an inappropriate application of the USSG lengthened his sentence of imprisonment by seven months. "Within the context of challenges to a defendant's

5

imprisonment, 'once the convict's sentence has expired some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained.'" *United States v. Webb,* 705 Fed. Appx. 172, 173 (4th Cir. 2017) (quoting *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008). Movant bears the burden of showing "collateral consequences" in order to meet the case-or-controversy of Article III. *Id.* "When the defendant challenges his underlying *conviction,* this Court's cases have long presumed the existence of collateral consequences. But when a defendant challenges only an expired *sentence,* no such presumption applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (citations and internal markings omitted); *also Sodipo v. United States,* No. ELH-06-0444, 2016 WL 6803765, at *5 (D. Md. Nov. 17, 2016) (quoting *United States v. Caputo*, 972 F.2d 342 (4th Cir. July 29, 1992) ("[W]hen a petitioner 'does not challenge the validity of his underlying conviction[],' a § 2255 petition is 'moot' when the petitioner has 'completely served his sentence which his motion[] attack[s].'") (quoting *Lane v. Williams*, 455 U.S. 624 (1982)). In light of these cases, Movant has not met his burden to demonstrate a collateral consequence traceable to his allegedly extended sentence, and the record does not suggest the presence of collateral consequences. Therefore, his motion is moot.

Movant does not argue, as a collateral consequence, that extending his prison sentence resulted in a later expiration date of his term of supervised release. However, such an argument has been raised in similar cases and has been rejected. *See Webb,* 705 Fed. Appx. at 173 ("It is not possible to consider an erroneously overlong term of

6

imprisonment to fulfill a portion of the supervised release term because the supervised release term is not ripe until release.") (citing *United States v. Johnson,* 529 U.S. 53, 59 (2000)). Because "the initial term of imprisonment and subsequent term of supervised release are separate sentences," a challenge to one does not act as a challenge to the other. *United States v. Abdullah,* 666 Fed. Appx. 304, 305 (4th Cir. 2016); *also United States v. Neuhauser*, 745 F.3d 125, 129 (4th Cir. 2014). In this case, the sentencing court was authorized by 18 U.S.C. § 3583(b)(2) to impose a term of supervised release not to exceed three years. (ECF No. 29-9 at 50). Nothing in the record indicates that the sentencing court would have imposed a shorter period of supervised release if Movant's term of imprisonment was seven months less. Accordingly, the length of Movant's term of supervised release does not constitute a "demonstrated collateral consequence" arising from his initial term of imprisonment. *See United States v. Sewell,* -- Fed. Appx. --, 2017 WL 4712434, at * 2 (11th Cir. Oct. 20, 2017) (citing *Spencer v. Kemna,* 523 U.S. 1, 14-17 (1997)); *Leiter v. Nickrenz,* 697 Fed. Appx. 470, 471 (8th Cir. 2017) (citing *Johnson,* 529 U.S. at 54-59); Ellis v. Warden, No. TDC-16-3855, 2017 WL 464372, at *2 (D. Md. Feb. 1, 2017). Accordingly, Movant's § 2255 motion is moot, and no exception to mootness exists in this case.

### III.  Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 25), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:**  February 16, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge